IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-02669-ZLW-CBS

ROGER K. TALBOT,
MADELINE YVONNE TALBOT,

    Plaintiffs,

v.

DEFENDANT ST. MARY'S HOSPITAL AND MEDICAL CENTER, INC.,
an affiliate of the Sisters of Charity of Leavenworth Health System, Inc.,

    Defendant.

---

# ORDER

---

The matter before the Court is Defendant's Motion To Transfer Case To Grand Junction, CO, Pursuant To 28 U.S.C. § 1404(c). Defendant requests that this action be transferred to the Grand Junction jury division of this Court for purposes of trial. Courts look to the factors developed under 28 U.S.C. § 1404(a) concerning venue transfer when determining a motion for intra-district transfer pursuant to 28 U.S.C. § 1404(a).[1] Those factors include: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the

---

[1] See Four Corners Nephrology Assocs., P.C. v. Mercy Medical Center of Durango, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical.[2] "The party seeking to transfer a case has the burden of proving that the existing forum is inconvenient, and the plaintiff's choice of forum should be disturbed only when the balance of factors tips strongly in favor of transfer."[3]

## A.    Plaintiff's Choice of Forum

The plaintiff's choice of forum is given lesser weight where the plaintiff is not a resident of the forum, especially if the claims in the action are unconnected to the chosen forum.[4]  Here, both Plaintiffs are residents of Moab, Utah.  However, Denver appears to have at least some connection to the allegations in this case, since Plaintiff Roger Talbot apparently was treated in Denver for the injuries he allegedly sustained at Defendant St. Mary's Hospital and Medical Center in Grand Junction.  Defendant argues that issues concerning the treatment of Mr. Talbot in Denver are not central to this case; Plaintiffs disagree.  Unfortunately, at this early stage in the proceedings the Court cannot determine with certainty the centrality of Mr. Talbot's treatment in Denver to the issues that will be tried in this case.  Thus, the Court gives the Plaintiffs' choice of forum some weight, although less than if Plaintiffs were residents of the Denver area.

---

[2] See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

[3] Bitler v. A.O. Smith Corp,, 2001 WL 1579378, *1 (D. Colo. Dec. 10, 2001).

[4] Four Corners, 464 F. Supp. 2d at 1098.

**B.     Convenience of Witnesses**

Plaintiffs argue that because over 224 health care providers were involved in Mr. Talbot's care in Denver, while 194 health care providers were involved in Mr. Talbot's care in Grand Junction, a Denver trial would be more convenient for the majority of the witnesses.  As an initial matter, absent some extraordinary circumstance, the Court does not intend to allow 418 (or more) witnesses to testify in the trial of this case.  In any event, Defendant argues that the Denver health care provider witnesses are less material than the Grand Junction health care provider witnesses.  Again, at this early stage the Court cannot determine the relative materiality of the two broad categories of witnesses, and it has not yet been determined which and how many of these witnesses actually will testify.  As set forth below, Defendant may renew this motion once the witness list in this case is confirmed.

**C.     The Accessibility of Witnesses and Other Sources of Proof**

This factor does not weigh in either party's favor, since witnesses and documents appear to be equally accessible from either Denver or Grand Junction (setting aside the witness convenience issues discussed above).

**D.      The Possibility of Obtaining a Fair Trial**

None of the parties assert that they would be unable to obtain a fair trial in either Denver or Grand Junction.

**E.    Other Considerations**

Defendant argues that the "interests of justice" component of 28 U.S.C. § 1404(a) favors having a Western Slope jury hear the trial of this case because the events that are the subject of the action took place in Grand Junction.[5]  Again, however,
the Court cannot conclude with certainty at this point that issues concerning Plaintiff's treatment in Denver are not part of the subject matter of this case.

At this juncture at least, the relevant factors, taken together, do not tip strongly in favor of transfer.  Accordingly, it is

ORDERED that Defendant's Motion To Transfer Case To Grand Junction, CO, Pursuant To 28 U.S.C. § 1404(c) (Doc. No. 10) is denied without prejudice.  Defendant may renew the motion at a later time, for example, once the witness list in this case has been submitted.  It is

FURTHER ORDERED that the case caption is amended to state the second Plaintiff's name as Madeline Yvonne Talbot, rather than "Tabot," in order to correct what appears to be a typographical error on the Amended Complaint.

DATED at Denver, Colorado, this   16th    day of April, 2008.

                              BY THE COURT:

                              */s/ Zita L. Weinshienk*
                              ZITA L. WEINSHIENK,  Senior Judge
                              United States District Court

---

[5] See Four Corners, 464 F. Supp. 2d at 1100.